1        UNITED STATES DISTRICT COURT
2        DISTRICT OF PUERTO RICO

3    WILLIAM RODRÍGUEZ-GONZÁLEZ and
4    MELANIE SÁNCHEZ-BONES,

5            Plaintiffs,                          Civil No. 10-1709 (JAF)

6            v.

7    MARILYN I. TORRES-ECHEVARRIA,
8    PEDRO TOLEDO-DÁVILA, and HÉCTOR
9    DÍAZ-SUÁREZ, in their personal and official
10   capacities, and their conjugal partnerships, and
11   UNNAMED INDIVIDUALS,

12           Defendants.

13

14                              **O R D E R**

15           Plaintiffs sue under 42 U.S.C. §§ 1983 and 1985 for violations of their rights under the

16   Fourth Amendment and the Due Process Clause of the U.S. Constitution.  (Docket No. 1.)  They

17   also allege violations of Puerto Rico constitutional and tort law.  (Id.)  Defendant Héctor Díaz-

18   Suárez ("Movant"), in his personal capacity, moves for dismissal under Federal Rule of Civil

19   Procedure 12(b)(6) (Docket No. 16), and Plaintiffs do not oppose.  Movant is the only defendant

20   who has been served process in this case.  (See Docket No. 17.)

21           A defendant may move to dismiss an action, based solely on the complaint, for the

22   plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

23   In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable

24   inferences in favor of the [plaintiff]."  Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971

25   (1st Cir. 1993).

Civil No. 10-1709 (JAF)                                                                  -2-

1        Movant contends, inter alia, that Plaintiffs' claims are time barred.  (See Docket No. 16 at

2   9–11.)  According to the complaint, the events at issue occurred on or around July 8, 2008.  (See

3   Docket No. 1 at 5.)  Plaintiffs filed the instant complaint on July 24, 2010.  (Docket No. 1.)

4        Sections 1983 and 1985 "borrow the forum state's statute of limitations for personal injury

5   claims."  Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004).  The

6   applicable statute of limitations here, absent tolling, is "Puerto Rico's one-year period governing

7   tort actions," 31 L.P.R.A. § 5298(2) (1990).  Id.  Plaintiffs made no claim in their complaint or in

8   response to Movant's motion that the statute of limitations had been tolled or that their federal

9   claims were otherwise timely.  (See Docket No. 1.)  We, therefore, find Plaintiffs' federal claims

10  time barred as to all defendants.

11       Having dismissed all federal claims, we decline to exercise supplemental jurisdiction over

12  Plaintiffs' claims under Puerto Rico law.  See 28 U.S.C. § 1367(c)(3).

13       Given the foregoing, we hereby **GRANT** Movant's motion (Docket No. 16) and **DISMISS**

14  Plaintiffs' claims against all Defendants.

15       **IT IS SO ORDERED.**

16       San Juan, Puerto Rico, this 12th day of May, 2011.

17                                        s/José Antonio Fusté
18                                        JOSE ANTONIO FUSTE
19                                        U.S. District Judge